# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2013

Lyle W. Cayce
Clerk

No. 12-30387
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PATRICIA FAJARDO-GUEVARA,

Defendant–Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-151-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

During a traffic stop in East Baton Rouge Parish, a search of Patricia Fajardo-Guevara's (Fajardo) car following a positive canine (K-9) alert uncovered several bundles of cocaine in a hidden compartment. She subsequently was charged by indictment with one count of possession with intent to distribute five kilograms or more of a substance containing a detectable quantity of cocaine. Fajardo filed a motion to suppress the seized cocaine, arguing that, during the traffic stop, she was illegally detained after the issuance of a verbal warning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the officer had no reasonable suspicion of additional criminal activity. Following a suppression hearing, the district court denied Fajardo's motion. She proceeded to trial, and a jury found her guilty as charged. The district court sentenced her to 121 months of imprisonment.

Fajardo now appeals the denial of her motion to suppress. In such instances, we review the district court's factual findings for clear error and its conclusions of law de novo. *United States v. Pack,* 612 F.3d 341, 347 (5th Cir. 2010). The evidence is viewed in the light most favorable to the party that prevailed below, in this case, the Government. *Id.*

"The stopping of a vehicle and detention of its occupants constitutes a 'seizure' under the Fourth Amendment." *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). A limited search and seizure is permissible under the Fourth Amendment, even in the absence of probable cause, when "there is a reasonable and articulable suspicion that a person has committed or is about to commit a crime." *United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000). The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *Brigham*, 382 F.3d at 506. First, the court examines whether the officer's action was justified at its inception; second, the court determines whether the officer's subsequent actions were reasonably related in scope either to the circumstances that justified the stop, or to dispelling a reasonable suspicion developed during the stop. *Id.* at 506, 507.

The first part of the two-part *Terry* inquiry is not at issue in this case. Fajardo does not contend that the officer, Corporal Tommy Banks, lacked justification in stopping her for crossing in and out of the travel lanes without using a turn signal. Instead she asserts that the illegal detention began after Corporal Banks returned her documents and issued a verbal warning in lieu of a ticket. Fajardo argues that nothing discovered during the investigation of the traffic violation indicated she was involved in criminal activity. According to Fajardo, who is a citizen of the Dominican Republic, the suspicious behavior

identified by Corporal Banks can be explained by her insufficient grasp of the English language and her struggle to interact with Banks, which she claims is evident from the video recording of the traffic stop. She also challenges Corporal Banks's assertion that she was excessively nervous. With these factors eliminated, Fajardo argues that the Government cannot exclusively rely on her travel route from a known source area for illegal narcotics (Texas) for reasonable suspicion of additional criminal activity.

In order to prolong a detention after issuing a citation or determining that no citation should be issued, an officer must have developed a reasonable suspicion of additional criminal activity in the course of the stop and before the initial purpose of the stop has been fulfilled. *United States v. Cavitt*, 550 F.3d 430, 436-37 (5th Cir. 2008). "If the officer develops reasonable suspicion of additional criminal activity during his investigation of the circumstances that originally caused the stop, he may further detain its occupants for a reasonable time while appropriately attempting to dispel this reasonable suspicion." *Pack*, 612 F.3d at 350. "Reasonable suspicion exists when the detaining officer can point to specific and articulable facts that, when taken together with rational inferences from those facts, reasonably warrant the search and seizure." *United States v. Estrada*, 459 F.3d 627, 631 (5th Cir. 2006). The determination of whether Corporal Banks had developed a reasonable suspicion must be based on "the totality of the circumstances" and his "collective knowledge and experience." *Id.* at 631-32.

At the suppression hearing, Corporal Banks testified that he was assigned to the highway interdiction unit, as well as the High Intensity Drug Trafficking Area task force. He also was a certified narcotics K-9 handler and had been working with his dog for two years. Corporal Banks then articulated several facts that led him to suspect that Fajardo may have been involved in criminal activity (specifically, illegal narcotics trafficking) before Banks decided to prolong the detention. First, Corporal Banks found her story to be implausible.

Corporal Banks testified unequivocally that Fajardo was able to answer his "simple questions," "respond[ing] just like anyone who spoke the English language and understood it would." On the other hand, he testified, Fajardo could not recall the name of the city in Texas from which she was traveling. Based on his training and experience, he felt that Fajardo was concealing the name of the city, as drug smugglers typically do not like to reveal the name of the city from which they are traveling. Corporal Banks also found it suspicious that Fajardo could not identify any title for her profession. According to Corporal Banks, "[i]t went past the language barrier," e.g., "[i]f you were there a week, you would think you could remember what city . . . you were in[,] . . . if [you] are getting a job there, you may move there." While Fajardo's answers may be susceptible to an innocent explanation, such as a language barrier, that possibility does not negate the reasonableness of the officer's suspicions based on this training and experience. *See Illinois v. Wardlow*, 528 U.S. 119, 125-26 (2000) (holding that the possibility someone might flee from police for innocent reasons does not negate reasonable suspicion of criminal activity); *United States v. Holloway*, 962 F.2d 451, 459 (5th Cir. 1992) ("Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise a reasonable suspicion . . . .").

Corporal Banks also testified that his suspicion was aroused, in part, during the traffic stop because Fajardo's hands were constantly shaking, which intensified as they approached her car for insurance documents. He further testified that Fajardo's carotid artery was visibly pulsating and that she tried to hide her shaking hands behind her back. According to Corporal Banks, Fajardo's level of nervousness "surpassed the normal nervousness . . . see[n] on a traffic stop." Fajardo has not shown that the district court clearly erred in accepting Corporal Banks's testimony that she was overly nervous. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

Based on the foregoing, the district court did not err when it determined that the above facts, as articulated by Corporal Banks, established reasonable suspicion justifying, at the very least, the four minutes of detention between the end of the traffic stop and Banks's walking his K-9 around Fajardo's car. Moreover, there is no evidence that Corporal Banks did not diligently pursue a means of investigation that was likely to confirm or dispel his suspicions quickly. *See Pack*, 612 F.3d at 361-62. Nor has Fajardo shown that the scope of the investigation that Corporal Banks conducted during the detention was unreasonable in light of the suspicious facts he had observed. *See United States v. Zamora,* 661 F.3d 200, 208 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1771 (2012).

Accordingly, the district court did not err in finding that Corporal Banks had articulated specific facts demonstrating that additional reasonable suspicion existed and concluding that the prolonged detention was consonant with Fajardo's Fourth Amendment rights. *See Pack*, 612 F.3d at 362.

AFFIRMED.